# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANNA FIT and MARIAN MAKA, | ) |
| Plaintiffs, | ) |
| | ) No. 07 C 2352 |
| v. | ) |
| | ) Wayne R. Andersen |
| NORTHERN TRUST, CORP. and | ) District Judge |
| ONESOURCE BUILDING SERVICES, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant Onesource Building Services, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement of plaintiffs' complaint, which alleges discrimination on the basis of national origin in the making and enforcement of contracts in violation of 42 U.S.C. § 1981. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiffs Anna Fit and Marian Maka, both of Polish national origin, were employed by defendant Northern Trust, Corp. ("Northern Trust"), where they worked night shifts for building maintenance services. In June, 2003, after thirteen years of employment, plaintiffs were fired after Northern Trust outsourced night shift building maintenance services to defendant Onesource Building Services, Inc. ("Onesource"). Plaintiffs allege that Northern Trust initially led plaintiffs to believe that they would be rehired by Onesource. Onesource allegedly rehired only non-Polish workers, however, and allegedly informed plaintiffs that Northern Trust wanted to purge Polish workers from the building maintenance night shifts. Plaintiffs' complaint alleges that Onesource replaced plaintiffs with non-Polish workers because of plaintiffs' national origins in

violation of § 1981 despite plaintiffs' allegations that they were two of the most experienced workers on the building maintenance night shifts. Plaintiffs filed their complaint against Onesource and Northern Trust in April, 2007, three years and ten months after they were fired. Onesource has now moved to dismiss the complaint as untimely under the applicable statute of limitations or, alternatively, for a more definite statement of its alleged wrongdoing.

## **DISCUSSION**

In its motion to dismiss, Onesource argues that the plaintiffs' § 1981 claim against Onesource is barred by the applicable statute of limitations. As originally enacted, § 1981 was interpreted to protect only the creation and enforcement of contracts. *See Patterson v. McLean Credit Union,* 491 U.S. 164 (1989). Congress superseded this narrow interpretation with the Civil Rights Act of 1991, which amended § 1981 by defining "make and enforce" to include "the making, performance, modification, and *termination* of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b) (emphasis added). *See Humphries v. CBOCS West., Inc.*, 474 F.3d 387, 396-97 (7th Cir. 2007). As a result, there are now two possible types of § 1981 claims: "old" claims for failure to hire and "new" claims for termination of, or for interfering with, an existing employment relationship. *See Dandy v. United Parcel Serv.*, *Inc.*, 388 F.3d 263, 269 n.4 (7th Cir. 2004).

The limitations period applicable to a § 1981 claim varies depending on whether it is a "new" § 1981 claim or an "old" § 1981 claim. A "new" § 1981 claim is subject to the four-year statute of limitations found in 28 U.S.C. § 1658. *Jones v. R.R. Donnelley &*

*Sons Co.*, 541 U.S. 369, 382 (2004). Conversely, an "old" § 1981 claim is subject to the most appropriate or analogous state statute of limitations. *Dandy*, 388 F.3d at 269 n.4. In Illinois, the appropriate state statute of limitations is the two-year limitations period for personal injury claims found in 735 Ill. Comp. Stat. § 5/13-202. *Smith v. City of Chicago Heights*, 951 F.2d 834, 836 n.1 (7th Cir. 1992). Here, the parties disagree as to whether a two- or four-year statute of limitations should apply to plaintiffs' § 1981 claim against Onesource.

We find that plaintiffs' § 1981 claim against Onesource is an "old" § 1981 claim and thus subject to Illinois' two-year statute of limitations for personal injury claims. Plaintiffs' complaint alleges that Northern Trust fired plaintiffs "[i]n or about June of 2003" after Northern Trust outsourced its night shift building maintenance services to Onesource. Plaintiffs further allege that Onesource participated in Northern Trust's decision to fire plaintiffs by conspiring with Northern Trust to purge Polish workers from the night shift. However, plaintiffs do not allege any conduct by Onesource demonstrating such participation or complicity other than Onesource's alleged failure to hire plaintiffs. Those allegations are too tenuous to rise to the level of a "new" § 1981 claim for termination. Thus, because plaintiffs' § 1981 claim against Onesource is subject to a two-year statute of limitations, and because plaintiffs did not file that claim until three years and ten months after they were fired, that claim is time-barred. If, however, evidence is presented during the course of discovery which demonstrates that Onesource actually participated in plaintiffs' firing beyond a mere failure to hire, then we may permit plaintiffs to bring a "new" § 1981 claim for termination against Onesource.

## **CONCLUSION**

For the foregoing reasons, Onesource's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [15] is granted.

It is so ordered.

_Wayne Andersen_
Wayne R. Andersen
District Judge

Dated: December 14, 2007